**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00262-CR**
_____

**IN RE BRETT W. LIGON**

**Original Proceeding**

**MEMORANDUM OPINION**

In a criminal proceeding on indictments for sexual assault and continuous sexual abuse of a child under the age of fourteen, the Judge of the 9th District Court of Montgomery County, Texas, granted the request of the defendant, Juan Rodriguez, to transcribe the video recording of the Safe Harbor interview of the complainant. We conditionally grant the State's petition for writ of mandamus because the trial court ordered production in a manner prohibited by law.

Mandamus relief is available to compel a ministerial act where the relator has no other adequate remedy at law. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). The relator must establish a clear and indisputable right to the relief sought, such that its merits are beyond dispute with

nothing left to the exercise of discretion or judgment. *Id.* Because the State does not have a right to appeal if the defendant prevails at trial, the State has no adequate remedy at law from a pre-trial order that is not appealable by statute. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 123 (Tex. Crim. App. 2013); *see also* Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp. 2013).

Article 39.15 provides the procedure for the trial court to follow regarding the request for discovery of a child advocacy center's forensic interview to the defense. *See* Tex. Code Crim. Proc. Ann. art. 39.15 (West Supp. 2013). Production of the confidential recording is protected by statute. *See* Tex. Fam. Code. Ann. § 264.408(d-1) (West 2014); Tex. Code Crim. Proc. Ann. art. 38.45 (West Supp. 2013). "A court shall deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce" a recording of the interview "provided that the state makes the property or material reasonably available to the defendant." Tex. Code Crim. Proc. Ann. art. 39.15(c); *see also* Tex. Fam. Code Ann. § 264.208(d-1). A recording of the interview is "reasonably available to the defendant if, at a facility under the control of the state, the state provides ample opportunity for the inspection, viewing, and examination of the . . . material by the defendant, the defendant's attorney, and any individual the defendant seeks to qualify to provide expert testimony at trial." Tex. Code Crim. Proc. Ann. art. 39.15(d).

Although Rodriguez argues that a word-for-word transcript of an interview is not a reproduction of a visually recorded interview, a reporter's record of a visually recorded interview would be a reproduction of the audio portion of the original. *See*, *e.g.*, *Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011) (for discovery purposes, a videotape includes both the audio and the visual recording). Rodriguez also contends no well-settled law prohibits the videotape from being viewed by a court reporter who is employed by defense counsel and thus acts as the lawyer's agent for purposes of communications subject to attorney-client privilege. *See* Tex. R. Evid. 503(a)(4). We disagree. A well-settled law, Article 39.15 of the Texas Code of Criminal Procedure, contains no provision for examination of the material by a court reporter or an agent for defense counsel other than an expert the defendant seeks to qualify as an expert at trial. *See* Tex. Code Crim. Proc. Ann. art 39.15.

Article 39.15 is a mandatory statute that requires the trial court to deny the defendant's request to reproduce a child advocacy center's forensic interview of a child victim. *See id.* The trial court's order violates a clear statutory prohibition. We conditionally grant mandamus relief. We are confident the trial court will promptly vacate its order granting the defendant's motion allowing a court reporter

to transcribe the Safe Harbor interview. The writ shall issue only if the trial court fails to comply within a reasonable time.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 13, 2014
Opinion Delivered June 26, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.